1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Frank Gonzales, et al.,                    )   No. CV-04-903-PHX-DGC
                                                )
10                Plaintiffs,                   )   **ORDER**
                                                )
11  vs.                                         )
                                                )
12  Phelps Dodge Miami, Inc., a Delaware        )
    corporation, et al.,                        )
13                                              )
                  Defendants.                   )
14                                              )
                                                )
15  _____   )

16          Pending before the Court are Defendant Phelps Dodge Miami, Inc.'s motion for

17  summary judgment and Plaintiffs' cross-motion for partial summary judgment regarding

18  liability.  Docs. ##48, 55.  Also pending is Defendant's motion to strike Plaintiffs' reply

19  and supplemental counter statement of undisputed facts.  Doc. #61.  For the reasons set

20  forth below, the Court will grant Defendant's motion for summary judgment and deny

21  Plaintiffs' cross-motion for partial summary judgment and Defendant's motion to strike.[1]

22                              **Background**

23          Plaintiffs are former employees of Defendant Phelps Dodge Miami.  Plaintiffs were

24  laid off by Defendant in January 2002.  Plaintiffs commenced this action by filing a breach

25

26          [1] The Court will deny the request for oral argument because the parties have submitted

27  memoranda thoroughly discussing the law and evidence and the Court concludes that oral
    argument will not aid its decisional process.  *See Mahon v. Credit Bur. of Placer County,*

28  *Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1   of contract claim against Defendant in state court on October 8, 2003, alleging that
2   Defendant wrongfully denied them severance pay following their layoff.  Plaintiffs filed an
3   amended complaint on November 25, 2003.  Defendant removed the action to this Court on
4   April 29, 2004, asserting that Plaintiff's breach of contract claim was preempted by the
5   Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.  Doc. #1.
6   On July 8, 2004, Plaintiff filed a second amended complaint that purported to allege a
7   breach of contract claim and alternative claims for recovery of benefits and failure to supply
8   information under ERISA.  Doc. #13.  Defendant filed an answer on July 19, 2004.
9   Doc. #14.

10        On December 16, 2004, the parties informed the Court that they disagreed on whether
11  the case was an ERISA case subject to federal question jurisdiction.  Doc. #23.  The Court
12  set an expedited discovery and briefing schedule with respect to this issue.  Doc. #26.  In an
13  April 25, 2005 order, the Court concluded that Plaintiffs' breach contract claim sought to
14  recover benefits promised under Defendant's ERISA-governed Severance Plan, not
15  Defendant's Employee Handbook or the General Release Plaintiffs signed when they were
16  laid off.  Doc. #32 at 2.  The Court further concluded that the breach of contract claim was
17  preempted by ERISA and that the claim for severance benefits was subject to the exclusive
18  remedy provisions of 29 U.S.C. § 1132(a).  *Id.* at 3-4 (citing *Metro. Life Ins. Co. v. Taylor*,
19  481 U.S. 58, 62-63 (1987)).

20        At a status hearing held on May 20, 2005, the parties stated that the Court should next
21  determine whether the Severance Plan was properly terminated.  The present motions for
22  summary judgment address this issue.

23                                **Discussion**
24  **I.    The Parties' Motions for Summary Judgment.**
25        **A.    Summary Judgment Standard.**

26        Summary judgment is appropriate if the evidence, viewed in the light most favorable
27  to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and
28  that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see*

1    *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  "Only disputes over facts that might

2    affect the outcome of the suit . . . will properly preclude the entry of summary judgment."

3    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The disputed evidence must be

4    "such that a reasonable jury could return a verdict for the nonmoving party."  *Id*. at 248.

5    Summary judgment may be entered against a party who "fails to make a showing sufficient

6    to establish the existence of an element essential to that party's case, and on which that party

7    will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

8         **B.    Analysis.**

9              **1.    Plaintiffs' Second Claim for Relief:  Recovery of Benefits Under
                      ERISA – 29 U.S.C. § 1132(a)(1)(B).**
10

11        Defendant's Severance Plan provides that "[t]he Severance Plan Committee . . . has

12   the right to terminate [the] Plan when it is in the best interest of [Defendant]."  Doc. #49

13   Ex. 1 § III(1).  The Plan was terminated in its entirety on December 31, 2000, more than a

14   year before Plaintiffs were laid off.  *Id.* Ex. 14 (Am. No. 3 to Severance Plan).

15        Plaintiffs do not dispute that the ERISA-governed Severance Plan was terminated

16   according to its terms.  Rather, Plaintiffs state that Defendant's "reference to 'the Severance

17   Plan' may be interpreted in different ways, and is so vague and unclear that it is likely to

18   confuse the Court."  Doc. #54 at 4.  Plaintiffs contend that there are "two separate and

19   distinct" severance plans at issue in this case:  the plan that was terminated on December 31,

20   2000, and the plan set forth in Defendant's Employee Handbook.  *Id.*  Plaintiffs further

21   contend that the Handbook was a binding agreement between the parties that required

22   Defendant to have a severance plan in place and that the Handbook was not superseded by

23   the ERISA-governed Severance Plan.  Docs. ##56 at 5-10, 59 at 2-8.

24        Plaintiffs essentially are re-urging the breach of contract claim based on the language

25   of the Employee Handbook.  As the Court explained in its April 25, 2005 order, however,

26   the Handbook does not create rights to severance benefits separate from those set forth in the

27   ERISA-governed Severance Plan.  Doc. #32 at 3.  There is only one severance plan in this

28   case:  the Severance Plan governed by ERISA.

1    The issue the Court must decide, then, is whether the Severance Plan was properly

2    terminated under ERISA.  *See* Doc. #35.  If the Plan was properly terminated, Plaintiffs have

3    no right to severance benefits.  *See Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78

4    (1995) ("Employers or other plan sponsors are generally free under ERISA, for any reason

5    at any time, to . . . terminate welfare plans. . . .  Accordingly, that Curtiss-Wright amended

6    its plan to deprive respondents of health benefits is not a cognizable complaint under

7    ERISA[.]").

8    Defendant argues that the Severance Plan was properly terminated because the

9    Severance Plan Committee had an unfettered right to terminate the Plan.  Doc. #48 at 9

10   (citing *Curtiss-Wright*, 514 U.S. at 78); *see* Doc. #49 Exs. 1, 14.  Plaintiffs assert that the

11   Severance Plan was terminated without notice to Plaintiffs and without their consent.

12   Doc. #56 at 4.  Plaintiffs do not contend, however, that the lack of notice or consent renders

13   the termination invalid.  Nor do Plaintiffs contend that the termination was otherwise

14   improper under ERISA.  *See Curtiss-Wright*, 514 U.S. at 78; *Peralta v. Hispanic Bus., Inc.*,

15   419 F.3d 1064, 1070 (9th Cir. 2005) ("It is indisputable that an employer has a right to

16   eliminate an ERISA-governed benefit plan."); *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d

17   1326, 1130-31 (9th Cir. 1996) (holding that the employer's reservation of right to terminate

18   a benefit plan was effective); *Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1441 (9th Cir. 1995)

19   ("Because benefits under a welfare plan are generally neither vested nor accrued, an

20   employer may amend or terminate benefits pursuant to the terms of the plan at any time.");

21   *Serrato v. John Hancock Life Ins. Co.*, 31 F.3d 882, 884 (9th Cir. 1994) ("Under ERISA,

22   'health care benefits provided in an employee benefit plan are not vested benefits; the

23   employer may modify or withdraw these benefits at any time, provided the changes are made

24   in compliance with the terms of the plan.'") (alterations and citations omitted); *Joanou v.*

25   *Coca-Cola Co.*, 26 F.3d 96, 98 (9th Cir. 1994) ("While employers who choose to provide a

26   severance plan assume certain fiduciary duties in *administering* it, they remain free to

27   unilaterally *amend* or *eliminate* such plan without considering the employees' interests.")

28   (emphasis in original).  The Court accordingly will grant Defendant's motion for summary

1    judgment and deny Plaintiffs' cross-motion for summary judgment with respect to the second

2    claim for relief.  *See id.*

3                    **2.        Plaintiffs' Third Claim for Relief:  Failure to Supply Information
                              Under ERISA – 29 U.S.C. § 1132(c).**
4

5            Plaintiffs allege in their third claim for relief that Defendant failed to supply Plan

6    information to Plaintiffs.  Doc. #13 ¶ 64.  Specifically, Plaintiffs allege that Defendant

7    ignored Plaintiffs' requests for Plan documents in April 2002 and failed to give Plaintiffs

8    notice that the Plan had been terminated in violation of 29 U.S.C. § 1024.  *Id.* ¶¶ 31, 33-38,

9    63-64.  Plaintiffs seek a civil penalty under 29 U.S.C. § 1132(c).  *Id.* ¶ 66.

10           Defendant argues that this claim fails as a matter of law because Plaintiffs were not

11   Plan participants when they requested the documents.  Docs. ##48 at 13, 57 at 12-14.

12   Plaintiffs contend that this issue is not properly before the Court because the parties were

13   instructed to limit the present motions for summary judgment to the issue of whether the Plan

14   was properly terminated.  Doc. #56 at 10.  Defendant counters that further briefing is

15   unnecessary because the undisputed evidence shows that the claim is legally insufficient.

16           The Court agrees.  ERISA requires plan administrators to furnish copies of plan

17   documents "upon written request of any *participant or beneficiary*[.]"   29 U.S.C.

18   § 1024(b)(4) (emphasis added); *see Burrey v. Pac. Gas & Elec. Co.*, 159 F.3d 388, 397

19   (9th Cir. 1998) ( "An administrator of an [ERISA] plan is required to provide copies of plan

20   documents to 'any plan participant or beneficiary' requesting such documents.") (quoting

21   § 1024(b)(4)); *see also* 29 U.S.C. § 1132(c)(1) (requiring a plan administrator to "comply

22   with a request for any information which such administrator is required by this subchapter

23   to furnish to a participant or beneficiary").  The term "participant" means any employee or

24   former employee who is or may become eligible to receive a benefit under an ERISA plan.

25   *See* 29 U.S.C. § 1002(7).  The term "beneficiary" means a person who is or may become

26   entitled to receive a benefit under an ERISA plan.  *See* 29 U.S.C. § 1002(8).

27           In this case, Plaintiffs were not Plan participants or beneficiaries when they requested

28   Plan documents in April 2002 because their rights to severance benefits ended when the Plan

was lawfully terminated on December 31, 2001.  Defendant thus had no statutory obligation to comply with Plaintiffs' requests for Plan documents.  *See* 29 U.S.C. §§ 1024(b)(4), 1132(c)(1).  The Court will grant Defendant's motion for summary judgment with respect to the claim that Defendant failed to furnish Plan documents.  *See* Doc. #13 ¶ 63.[2]  As explained in the following section, this grant does not include Plaintiffs' claim for failure to notify them of the Plan's termination.

**II.     Defendant's Motion to Strike.**

Plaintiffs argue in their reply that Defendant is not entitled to summary judgment on the third claim for relief because Defendant did not give Plaintiffs notice that the Severance Plan had been terminated.  Doc. #59 at 8-9 (citing *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1072 (9th Cir. 2005)); *see* Doc. #56 at 4 n.2.  Defendant argues in its motion to strike that the Court should reject this argument because Plaintiffs have not pled a claim that Defendant failed to notify them of the Plan's termination.  Doc. #61 at 3-4.

The "Defendant's Breach" section of Plaintiffs' second amended complaint alleges that Defendant "unilaterally reduced the right to Severance Pay enjoyed by the Plaintiffs *without providing them notice*[.]"  *Id.* ¶ 31 (emphasis added).  The third claim for relief then alleges that Defendant violated 29 U.S.C. § 1024 by failing to "furnish certain additional information to . . . Plaintiffs regarding the Severance Plan."  Doc. #13 ¶¶ 63-64.  These allegations of a failure-to-notify claim are minimal to be sure, but the notice-pleading requirements of the Federal Rules of Civil Procedure call for only "a short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  The Court concludes that Plaintiffs have sufficiently pled a failure-to-notify claim under 29 U.S.C. § 1024.  *See Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003) ("[A] complaint generally must satisfy only the minimal notice

---

[2] The Court disagrees with Defendant's contention that Plaintiffs lacked standing to bring this claim.  *See* Doc. #48 at 12-13.  The Court concludes that at the time Plaintiffs filed the second amended complaint they had a colorable claim that they were participants in the Severance Plan.  *See Boettcher v. Sec. of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985) ("[W]e cannot say that the challenge Boettcher raises is wholly insubstantial, immaterial, or frivolous.  We find the claim colorable, but ultimately incorrect.").

1   pleading requirements of Rule 8(a)(2).").  The Court accordingly will deny Defendant's
2   motion to strike.

3       The Court agrees, however, with Defendant's argument that Plaintiffs' reliance on
4   *Peralta* is misplaced.  *See* Doc. #61 at 4.  The Ninth Circuit held in *Peralta* that a plan
5   administrator's failure to timely notify the plaintiff of the plan's termination violated the
6   administrator's fiduciary duties under 29 U.S.C. § 1104.  419 F.3d at 1073.  Plaintiffs have
7   not alleged a breach of fiduciary duty claim in this case.  *See* Doc. #13; *see also Peralta*, 419
8   F.3d at 1071 (stating that ERISA imposes both fiduciary duties and reporting and disclosure
9   obligations on plan administrators and that "[t]he reporting and disclosure provisions, *see* 29
10  U.S.C. §§ 1021-1031, are set forth separately from the fiduciary duty provisions, *see* 29
11  U.S.C. §§ 1101-1114").  To the extent Plaintiffs have asserted a claim for failure to notify,
12  it is a claim only under 29 U.S.C. § 1024.

13      **IT IS ORDERED:**

14      1.    Defendant Phelps Dodge Miami, Inc.'s motion for summary judgment
15  (Doc. #48) is **granted**.

16      2.    Plaintiffs' cross-motion for summary judgment regarding liability (Doc. #55)
17  is **denied**.

18      3.    Defendant Phelps Dodge Miami, Inc.'s motion to strike Plaintiffs' reply
19  and supplemental counter statement of undisputed facts (Doc. #61) is **denied**.

20      4.    A status conference will be held on **April 28, 2006 at 3:30 p.m.** to discuss the
21  litigation schedule for the remainder of this case.

22      DATED this 14th day of April, 2006.

23
24
25  _____
26                  David G. Campbell
                United States District Judge
27
28

- 7 -