**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Gonzales, et al., ) | No. CV-04-903-PHX-DGC |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Phelps Dodge Miami, Inc., a Delaware corporation, et al., ) | |
| Defendants. ) | |

Plaintiffs have filed a motion for leave to amend their second amended complaint. Doc. #68. The motion seeks to add a claim for breach of fiduciary duty under *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064 (9th Cir. 2005). Defendant Phelps Dodge Miami opposes the motion, arguing that Plaintiffs lack "good cause" under Rule 16(b) and cannot meet the standards for amendment under Rule 15. Doc. #72.

The Case Management Order contains the following paragraph:

> 2. <u>Deadline for joining parties and amending pleadings</u>. The deadline for joining parties and amending pleadings is **90 days** from the date of this Order. Motions to join parties or for leave to amend pleadings shall be filed within **30 days** of this Order so they can be heard and decided prior to the deadline.

Doc. #11 (emphasis in original). The Case Management Order was dated July 1, 2004. The deadline for filing motions to amend pleadings was therefore July 31, 2004. The final deadline for amending pleadings was September 29, 2004. This motion was filed more than 19 months after the deadline.

Rule 16(b) states that the schedule established in a case management order "shall not be modified except upon a showing of good cause . . . ." This "good cause" standard primarily considers the diligence of the party seeking amendment. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the part[y] seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 Am.)).

### 1. Plaintiffs substantially delayed their motion to amend.

Plaintiffs are former employees of Defendant Phelps Dodge Miami. Plaintiffs were laid off in January of 2002 and commenced this action by filing a breach of contract claim in state court on October 8, 2003, alleging that Defendant wrongfully denied them severance pay. Plaintiffs filed an amended complaint on November 25, 2003. Defendant removed the action to this Court on April 29, 2004, asserting that Plaintiffs' breach of contract claim was pre-empted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Doc. #1. On July 8, 2004, Plaintiffs amended their complaint a second time with leave of court, alleging alternative claims for recovery of benefits and failure to supply information under ERISA. Doc. #13.

On October 4, 2004, Plaintiffs filed a motion seeking a third amendment. Doc. #18. The Court denied the motion, finding that the time for amending had passed and that Plaintiffs had failed to satisfy the "good cause" standard of Rule 16(b). Doc. #22.

On December 16, 2004, and despite the fact that this case had been pending in federal court for more than six months, the parties informed the Court that they disagreed on whether the case was subject to ERISA and federal question jurisdiction. Doc. #23. Plaintiffs had asserted ERISA claims in their second amended complaint, but only as alternatives to their breach of contract claim. The Court set an expedited discovery and briefing schedule. Doc. #26. In an April 25, 2005 order, the Court concluded that Plaintiffs sought to recover benefits promised under Defendant's ERISA-governed Severance Plan, not Defendant's Employee Handbook or the General Release Plaintiffs signed when they were laid off, and that the case accordingly was governed by ERISA and properly in federal court. Doc. #32.

1    At a status hearing held on May 20, 2005, the parties agreed that the Court should next 2 determine whether Defendant's Severance Plan was properly terminated. Additional 3 discovery was permitted, and on September 16, 2005, the parties filed motions for summary 4 judgment. Doc. #48. Briefing was completed on December 28, 2005, and on April 14, 2006, 5 the Court issued an order granting Defendant's motion for summary judgment. Doc. #63. 6 The Court concluded that Defendant's Severance Plan was properly terminated. *Id*. This 7 ruling eliminated all of Plaintiffs' claims with the exception of a statutory claim for alleged 8 failure to notify Plaintiffs of the termination.

9    Because the case appeared to be largely resolved, the Court scheduled a status 10 conference for April 28, 2006, to determine what additional litigation, if any, was required. 11 Plaintiffs stated at the status conference that they intended to file yet another motion to 12 amend the complaint, this one to assert a claim for breach of fiduciary duty under ERISA. 13 The Court established a briefing schedule (Doc. #65) and Plaintiffs filed the present motion.

14    **2.    Plaintiffs could have sought amendment earlier.**

15    Plaintiffs claim that they could not have sought amendment at an earlier time because 16 the Ninth Circuit did not recognize a claim for breach of fiduciary duty under ERISA until 17 the *Peralta* decision on August 18, 2005. Plaintiffs point to no authority suggesting that such 18 a claim was prohibited in this circuit (or elsewhere) prior to *Peralta*, and Defendant notes 19 that federal courts have recognized the claim for years. *See Willet v. Blue Cross and Blue* 20 *Shield of Alabama*, 953 F.2d 1335, 1340 (11th Cir. 1992); *Rucker v. Pacific FM, Inc.*, 806 21 F.Supp. 1453, 1459 (N.D. Cal. 1992) (applying Ninth Circuit law); *Presley v. Blue Cross and* 22 *Blue Shield of Alabama*, 744 F.Supp. 1051, 1058 (N.D. Ala. 1990); *see also* 29 U.S.C. § 23 1105. Although not directly addressing the issue, the Ninth Circuit acknowledged such 24 authority in 1991. *See Acosta v. Pacific Enterprises*, 950 F.2d 611, 618-19 (9th Cir. 1991) 25 ("Other circuits, applying a similar analysis, have recognized that an ERISA fiduciary's duty 26 to disclose information is not limited to the dissemination of the documents and notices 27 specified in 29 U.S.C. Sections 1021-31, but may in some circumstances extend to additional 28 disclosures where the interests of the beneficiary so require). ERISA is a federal statute

subject to nationwide interpretation in the federal courts. These authorities make clear that such a claim was recognized in federal law before Plaintiffs' complaint was filed.

Additionally, the factual basis for Plaintiffs' proposed amendment has been known from the start of this case. The gravamen of Plaintiffs' proposed amendment is that Defendant failed to notify them of the Severance Plan's termination. Plaintiffs specifically alleged this fact – without stating a claim for breach of fiduciary duty – in their second amended complaint. Doc. #13, ¶ 31. Moreover, as Defendant notes, Plaintiffs inquired about such a breach of fiduciary duty in the deposition of Defendant's Director Health and Welfare Benefits before *Peralta* was decided. *See* Doc. #72 at 8.

**3.  Plaintiffs have not shown good cause.**

As noted above, the "good cause" standard of Rule 16(b) primarily considers the diligence of the party seeking amendment. *Johnson*, 975 F.2d at 609. The Court concludes that Plaintiffs could, if diligent, have asserted their claim for breach of fiduciary duty within the time period allowed for amendment under the Court's Case Management Order. The authority for such a claim was recognized in published federal decisions and the facts underlying the claim were known to Plaintiffs. For this reason, Plaintiffs have failed to establish good cause to alter the litigation schedule and their motion to amend will be denied. In light of this ruling, the Court need not address whether Plaintiffs can satisfy the amendment requirements of Rule 15 at this late stage of the case.

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion for Leave to Amend the Second Amended Complaint (Doc. #68) is **denied**.

DATED this 7th day of June, 2006.

_____
David G. Campbell
United States District Judge

- 4 -