**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Gonzales, et al., | CV-04-903-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Phelps Dodge Miami, Inc., a Delaware corporation, et al., | |
| Defendants. | |

Defendant Phelps Dodge has filed a motion for judgment on the pleadings for failure to state a claim under Federal Rule of Civil Procedure 12(c). Docs. ## 69, 74. Plaintiffs oppose the motion, arguing that ERISA affords them the remedies they seek. Doc. #71.

**I.    Legal Standard.**

A motion for judgment on the pleadings under Rule 12(c) "is properly granted when, taking all the allegations in the non-moving parties' pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal under Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

1  **II.    Analysis.**

2  Plaintiffs seek a civil penalty under 29 U.S.C. § 1132(c) for Defendant's alleged
3  violation of 29 U.S.C. § 1024(b)(1). Doc. #13. Plaintiffs allege that Defendant reduced their
4  rights to severance pay without providing the notice required under § 1024. *Id.* Defendant
5  denies this allegation. Doc. #14.

6  Both parties agree that the remedy for a § 1024(b)(1) violation lies within the civil
7  penalties outlined in § 1132(c). Defendant argues, however, that no remedy is available for
8  Plaintiffs' § 1024 claim because a remedy for the violation alleged by Plaintiffs is not found
9  within § 1132, and that interpretation of ERISA's remedial provisions is strictly limited.
10 Doc. # 69.

11 Section 1132 does not expressly provide a remedy for the type of § 1024 violation
12 alleged by Plaintiffs. Section 1132(c) provides for a civil penalty to be assessed by the
13 Secretary of Labor against any plan administrator that fails or refuses to file an annual report
14 *with the Secretary* according to the specifications of § 1021(b)(4). Plaintiffs allege that
15 Defendant failed to notify *plan beneficiaries* about termination of severance benefits
16 according to the specifications of § 1024(b)(1). There is a significant discrepancy between
17 the language of the statute and the interpretation argued by Plaintiffs.

18 Plaintiffs suggest that the "spirit of ERISA" and the "broad language" of § 1132(c)
19 support a remedy for violations of § 1024(a)(1). Doc. # 71 (citing *Hillis v. Waukesha Title*
20 *Co.*, 576 F.2d 1103,1108 (7th Cir. 1983)). To the contrary, the Supreme Court has made clear
21 that ERISA remedies shall not be found where they have not been expressed. *Mertens v.*
22 *Hewitt Assoc.*, 508 U.S. 248 (1993). The Court has emphasized the statute's carefully crafted
23 and detailed enforcement scheme as "strong evidence that Congress did not intend to
24 authorize other remedies that it simply forgot to incorporate expressly." *Id.* at 254 (citing
25 *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)). *See Great-West Life &*
26 *Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (courts are especially reluctant to
27 tamper with the ERISA enforcement scheme by extending remedies not specifically
28 authorized by its text). *Russell* explicitly repudiates the use of the Congressional Committee

1 Reports' version of the bill upon which the *Hillis* court bases its expansive reading of § 1132. *Russell*, 473 U.S. at 146 (stating that before passing the bill, Congress deleted language referring to legal relief).

The Supreme Court has also explicitly limited the relief available for a breach of fiduciary duties under ERISA to those equitable remedies provided in the statute. *Mertens*, 508 U.S. at 255-61. The other relief requested by Plaintiffs – treble the amount of severance pay – is legal in nature and falls outside the purview of ERISA's remedial scheme. Doc. #71 at 11-13.

In short, "'[t]he federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide.'" *Russell*, 473 U.S. at 145 (quoting *California v. Sierra Club*, 451 U.S. 287, 297 (1981)). Therefore, as a matter of law, there is no remedy available to Plaintiffs for Defendant's alleged violation of § 1024. The motion for judgment on the pleadings will be granted.[1]

**IT IS ORDERED:**

1. Defendant Phelps Dodge Miami, Inc.'s motion for judgment on the pleadings, (Doc. #69), is **granted**.

2. Fictitious Defendants John Does, ABC Corporations, and ABC Partnerships are **dismissed**.

3. The Clerk shall **terminate** this action.

DATED this 26th day of June, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge

---

[1] Given this ruling, the Court need not address whether § 1024 applies to a termination of plan benefits.

- 3 -